IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOTAL WALL, INC.,

                        Plaintiff,                        OPINION AND ORDER

    v.

                                                        09-cv-404-wmc

WALL SOLUTIONS SUPPLY, LLC,

                        Defendant.

---

      This is a civil action in which plaintiff Total Wall, Inc. alleges that defendant Wall Solutions Supply, LLC breached their contract. In its complaint, plaintiff alleges that the court has jurisdiction to decide this state law breach of contract case under the diversity jurisdiction statute, 28 U.S.C. § 1332 (dkt. #1), but in reviewing plaintiff's pending motion for summary judgment (dkt. #14), the court is unable to determine whether diversity jurisdiction actually exists.

      "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint raises a federal question or there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 789, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."

*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff alleges in its complaint and proposes as a fact at summary judgment that diversity jurisdiction exists because the amount in controversy is at least $196,638.20, which exceeds $75,000, and the parties are diverse. Compl., dkt. #1, ¶3; Pl.'s PFOF, dkt. #15, ¶¶1-3. However, the underlying evidence is lacking. Specifically, plaintiff Total Wall, Inc. properly provides the relevant information regarding its citizenship: it is a corporation, incorporated in Nevada and making its principal place of business is in Wisconsin. *See* 28 U.S.C. § 1332(c)(1); *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 n.10 (7th Cir. 2009). According to this information, plaintiff is a citizen of both Nevada and Wisconsin for jurisdictional purposes. However, for diversity jurisdiction to exist there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant, *Smart*, 562 F.3d at 803, and on the record before the court, defendant's citizenship is unknown.

Plaintiff offers as a fact that defendant Wall Solutions Supply, LLC is a "South Carolina corporation with a principal place of business at 631 Red Oak Lane, Ridgeland, South Carolina 29936." Pl.'s PFOF, dkt. #15, ¶2. While defendant does not dispute this fact, *see* Def.'s Resp. to Pl.'s PFOF, dkt. #24, ¶2, neither can it consent to subject-matter

2

jurisdiction where there is none. And its answer to the complaint clarifies that it is not a corporation but "a South Carolina limited liability company[,]" Def.'s Answer, dkt. #6, ¶2, a clarification which appears accurate if one examines publically-available information from the State of South Carolina and from defendant's name, which includes the suffix "LLC."

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico*, 474 F.3d at 992. Plaintiff provides no allegations and has offered no facts about how many members make up defendant Wall Solutions Supply, LLC or the citizenship of those members. Where defendant maintains its principal place of business, which is all the information provided regarding defendant, is irrelevant in deciding the citizenship of limited liability companies. Additionally, if the member or members of defendant are themselves a limited liability company, partnership, or other similar entity, then plaintiff must provide the citizenship of those members and partners because "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.*

As this court has pointed out before, raising these jurisdictional issues now is not intended to be mere judicial nit-picking. Instead, jurisdictional issues, such as the one in this case, must be resolved before the case can be decided on the merits. *See Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) ("the fact that limits on subject-matter jurisdiction are not waivable or forfeitable–that federal courts are required to police

3

their jurisdiction–imposes a duty of care that [federal courts] are not at liberty to shirk"). As the party invoking federal jurisdiction, therefore, plaintiff must provide evidence that actual diversity exists before a decision on the merits in this case can be reached.

ORDER

IT IS ORDERED that on or before Friday, May 7, 2010, plaintiff shall file with the court supplemental findings of fact, supported by admissible evidence like that provided in its summary judgment motion, sufficient to establish plaintiff's and defendant's citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

Entered this 28th day of April, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge