IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOTAL WALL, INC.,

                Plaintiff,

v.

WALL SOLUTIONS SUPPLY, LLC,

                Defendant.

ORDER ON MOTION FOR
EXTENSION OF TIME AND
TO SHOW CAUSE WHY
DEFAULT SHOULD NOT BE
ENTERED

Case No. 09-cv-404-wmc

---

On June 1, 2010, the court directed defendant to respond to its attorney's motion to withdraw from this case. Dkt. #43. Defendant was warned that as a legally-recognized business entity (1) it cannot defend in court without being represented by counsel and (2) it was given until June 11, 2010 to address its attorney's motion to withdraw. *Id.* Defendant did not respond to the court's order and its counsel's motion to withdraw was granted in an order issued on June 14, 2010. Dkt. #46. In that same order, the court directed defendant to inform the court whether it intended to obtain new counsel and what actions it was taking to obtain counsel. *Id.* The court did not hear from defendant until one of its members, Mr. Radu Chindris, filed a notice of appeal and (apparently) a motion for an extension of time to appeal. Dkt. #59. That motion will be denied, but defendant will be given additional time until noon on Thursday, August 5, 2010, to respond to plaintiff's motion to strike and for default.

    A. Motion for Extension

First, as the court has repeatedly advised, Mr. Chindris cannot represent defendant Wall Solutions because defendant can only be represented by a lawyer in court

and, as far as the court is aware, Chindris is not a licensed lawyer. *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008). This means he cannot file any documents on behalf of defendant. Therefore, the documents he filed are not filed by defendant Wall Solutions. Also, the motion Chindris has filed apparently seeks an extension of time to appeal the court's grant of partial summary judgment on defendant's counterclaims (dkt. #47) even before final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties"). Because plaintiff's claims remain to be resolved between the parties, defendant has no right to appeal the court's summary judgment order yet and therefore, there is no need for an extension of time to appeal.

Two additional matters beg comment. As to Mr. Chindris' pending "notice of appeal," it is ill-founded and ill-advised for all the reasons noted about. But if he insists on maintaining it, then he must contact the officer of this court's clerk of court to arrange payment of all appellate fees. Second, Mr. Chindris explains that defendant continues to "dutifully" attempt to obtain counsel and he asks the court to permit him to file documents pro se on behalf of defendant while he attempts to obtain counsel for defendant. While the court recognizes Mr. Chindris's difficult situation, defendant cannot defend itself in court without an attorney, even for a short time. As previously noted in this case, the Court of Appeals for the Seventh Circuit binds has held that

> the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. Pro se litigation is a burden on the judiciary and the burden is not to be borne when the litigant

has chosen to do business in entity form. He must take the burdens with the benefits.

*Hagerman*, 545 F.3d at 581-82 (internal citation omitted). Chindris's decision to do business in entity form as Wall Solutions Supply, LLC requires that he hire a lawyer if he wants to defend that entity in court. Accordingly, his motion for an extension of time will be denied, and the defendant is once again urged to retain counsel as soon as possible to defend against entry of default judgment.

B. **Order To Show Cause**

Still pending before the court is plaintiff Total Wall's motion to strike defendant's answer and counterclaims and for default judgment against defendant. Dkt. #48. Defendant will be given additional time until noon on Thursday, August 5, 2010 to file a response by counsel to plaintiff's motion to strike defendant's answer and counterclaims and for default judgment against defendant. The court will hold a hearing on this motion, as well as give defendant a final opportunity to show cause why default should not be entered against it, at the pre-trial conference which is scheduled for Thursday at 4:00 p.m.

ORDER

IT IS ORDERED that

1) Radu Chindris's notice of appeal and motion for an extension of time (dkt. #59) is DENIED;

2) Defendant Wall Solutions has until noon on Thursday, August 5, 2010 to file a response by counsel to plaintiff's motion to strike defendant's answer and counterclaims and for default judgment (dkt. #48); and

3) A hearing on plaintiff's motion to strike defendant's answer and counterclaims and for default judgment (dkt. #48) will be held and defendant given a final opportunity to show cause why default should not be entered at 4:00 p.m. on Thursday, August 5, 2010.

Entered this 2nd day of August, 2010.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge