IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TOTAL WALL, INC.,

                Plaintiff,                ORDER

v.                                              Case No. 09-cv-404-wmc

WALL SOLUTIONS SUPPLY, LLC,

                Defendant.

On August 5, 2010, the court entered default in favor of plaintiff Total Wall, Inc. based on the record as a whole, including defendant Wall Solutions Supply, LLC's continuing failure to retain new counsel or to appear at a hearing held on that same date. (Dkt. #66.) Pursuant to the court's default order, plaintiff has timely filed a brief in support of default judgment with a supporting affidavit. (Dkt. #67.)

Total Wall filed this action alleging that Wall Solutions Supply breached the parties' 2004 distributorship agreement by failing to pay the amounts due and owing to Total Wall. (Compl. (dkt. #1) ¶¶ 7-10.) Because default has entered against defendant, the court accepts as true all of the factual allegations in the Complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Total Wall claims damages in the amount of $178,491.20, and as proof of those damages attaches 12 invoices to Wall Solutions reflecting varying amounts due and owing. (Third Declaration of Robert Krehl ("Krehl Decl.") (dkt. #68), Exs. A-L.) Robert Krehl, the President of Total Wall, attests that "[e]ach of these invoices accurately reflects the Total Wall products that were sold and delivered to Defendant Wall Solutions Supply, LLC," and that "Wall Solutions has failed to pay these invoices as

alleged in the Complaint of Total Wall in this action." (Krehl Decl. ¶ 14.) These outstanding invoices total $178,491.28. Wall Solutions was given an opportunity to oppose no later than Thursday, August 19, 2010, the accuracy of these invoices and/or that the amounts reflected are due and owing. It declined to do so.

Total Wall also seeks an award of 5% pre-judgment interest on a sum certain pursuant to Wis. Stat. § 138.04. Again, Wall Solutions has wholly failed to dispute the facts or law with respect to Total Wall's entitlement to pre-judgment interest. The court finds that the damages Total Wall seeks are indeed "susceptible of reliable and reasonably accurate methods of calculation," having been arrived at by a simple totaling of the individual, outstanding invoices. S*ee Benke v. Mukwonago-Vernon Mut. Ins. Co.*, 329 N.W.2d 243, 249 (Wis. Ct. App. 1982). The court, therefore, finds that pre-judgment interest at 5% is warranted and appropriately awarded pursuant to the applicable Wisconsin law and that Total Wall has accurately calculated the amount of pre-judgment interest at $13,638.76. (Krehl Decl., Ex. M.)

IT IS ORDERED that:

1) plaintiff's motion for default judgment is GRANTED; and

2) the clerk of court is directed to enter a default judgment in the total amount of $192,129.96 against defendant Wall Solutions Supply, LLC.

Entered this 23rd day of August, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge